```
          IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MARYLAND
                     Southern Division

THOMAS HOWES,                      *

     Plaintiff,                    *

           v.                      *   Case No.: DKC-18-3094

FINANCIAL INDUSTRY REGULATORY      *
AUTHORITY, INC.,
                                   *
     Defendant.
                                   *
*    *    *    *    *    *    *    *    *    *    *    *    *
```

**MEMORANDUM OPINION**

Plaintiff Thomas Howes filed this lawsuit seeking an order expunging customer complaints from a securities industry regulator's database. Although he entitled his complaint as a "Petition for Declaratory Relief and Expungement," he does not seek a declaration, but only expungement, and possibly $2250 in damages. The regulator, the Financial Industry Regulatory Authority, Inc. ("FINRA") responded by filing a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6).

In June 2019, FINRA's motion to dismiss the case was denied without prejudice pending the parties' briefing the jurisdictional issue raised by the then assigned district judge. (ECF No. 14).[1] The court has reviewed the parties' briefs and now rules pursuant

---

[1] The decision was issued on June 11, 2019, by the Honorable Paul W. Grimm. This case was transferred recently to the undersigned after Judge Grimm's retirement at the end of 2022.

to Local Rule 105.6, no hearing being deemed necessary.  For the reasons that follow, the court finds that it has jurisdiction but also finds that plaintiff has failed to state a viable claim, and Mr. Howes' complaint will be dismissed with prejudice.

I. Background[2]

Thomas Howes, *pro se*, filed this lawsuit against FINRA on October 9, 2018, asserting federal jurisdiction based on a federal question under 28 U.S.C. § 1331.  (ECF No. 1, at 4).  Mr. Howes alleges that FINRA is reporting false and defaming information about him on its website, because he is entitled to have two customer complaints removed from his record on the Central Registration Depository ("CRD") and the Uniform Application for Securities Industry Registration or Transfer Form (Form U4). (*Id.*, at 9, ¶¶ 4, 5).  He alleges that the defamatory complaints harm his reputation and that he has incurred substantial expenses and continued damages from the false statements. (*Id.*, at 10, ¶ 8).

Mr. Howes alleges that FINRA's procedure for expunging false information is flawed, because it only requires member firms to retain documents and information for six years.  (*Id.*, at ¶ 6). He

---

[2] A more detailed background of the case may be found in the prior opinion. (*See* ECF No. 14).  The background facts relayed here are as alleged in Mr. Howes' complaint. (ECF No. 1).  *Pro se* filings, "however unskillfully pleaded, must be liberally construed." *Noble v. Barnett*, 24 F.3d 582, 587 n.6 (4th Cir. 1994) (citing *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)).

2

asserts that if the retention policies were longer, he could have proven that the 10- and 17-year-old complaints against him were false by using documentation gained through discovery. (*Id.*, at ¶ 7). He also asserts that FINRA should not keep complaints on the U-4 or broker check for longer than six years, i.e., the same length of time as the retention policies. (*Id.*).

Mr. Howes includes a petition for expungement in a section of his complaint entitled "Grounds for Expungement – Federal Question." (*Id.*, ¶¶ 8, 9-26). In his conclusion, Mr. Howes complains that his only dispute mechanism is arbitration,[3] which is unfair because of the retention policies, and he asks the court to grant relief through expungement. (*Id.*, at ¶ 13).

In response, FINRA filed a motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 6). Judge Grimm denied the motion without prejudice,[4] after observing that petitions to expunge customer claims from the CRD are not subject

---

[3] Before filing his complaint, Mr. Howes filed two arbitration claims in FINRA's Office of Dispute Resolution, each seeking to expunge records. (*See* ECF Nos. 1-4, 1-5, 1-6). The FINRA arbitration panel denied all his claims. (ECF No. 1-4).

[4] Because questions of subject matter jurisdiction concern the court's power to hear the case, they must be resolved before the court can turn to the sufficiency or merits of a claim. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998) ("The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible without exception." (internal citation omitted)).

to exclusive federal jurisdiction under 15 U.S.C. § 78aa,[5] a statutory reference made in Mr. Howes' complaint. (ECF No. 14, at 7-9). Judge Grimm further observed that, while not binding on this court, other district courts have concluded that a FINRA expungement petition does not come within the court's federal question jurisdiction under 28 U.S.C. § 1331. (*Id.*, at 9-11). Judge Grimm then directed the parties to submit briefing on whether the court has subject matter jurisdiction over Mr. Howes' complaint. (*Id.*, at 12).

## II. Standard of Review

Federal district courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Title 28 U.S.C. § 1331 provides that federal courts may hear "all civil actions arising under the Constitution, laws, or treaties of the United States," commonly known as federal question jurisdiction. 28 U.S.C. § 1331. For the court to retain federal question jurisdiction, the federal question must be a direct element in the plaintiff's claim and must be substantial and not plainly frivolous. *McLucas v. DeChamplain*, 421 U.S. 21, 28 (1975).

---

[5] Section 78aa states that the "district courts . . . shall have exclusive jurisdiction of . . . all suits in equity and actions at law brought to enforce any liability or duty created by this chapter or the rules and regulations thereunder." 15 U.S.C. § 78aa(a).

Where no federal question is presented, the court may nonetheless retain diversity jurisdiction pursuant to 28 U.S.C. § 1332 if the matter in controversy exceeds $75,000 and is between citizens of different States.

A court retains "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). To establish jurisdiction, the court looks to those facts affirmatively alleged in the complaint. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (citing *McNutt v. Gen'l Motors Acceptance Corp.*, 298 U.S. 178 (1936)). "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). The party seeking to avail itself of this court's jurisdiction bears the burden of proof. *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); *accord Hertz*, 599 U.S. at 96; *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010).

**III. Analysis**

Whether any of a plaintiff's claims "arise under" federal law is determined by the application of the well-pleaded complaint rule. *Ali v. Giant Food LLC/Stop & Shop Supermarket Co.*, 595

5

F.Supp.2d 618, 621 (D.Md. 2009) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1 (1983)). This rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). In his complaint, Mr. Howes asserts that this court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, citing 15 U.S.C. § 78o-3(i)(1)(A)[6]; 15 U.S.C. § 78s(g)(1) and 78s(h); and 15 U.S.C. § 78a.[7] In his brief, Mr. Howes argues that this court should have subject matter jurisdiction because the heart of his complaint was "Defendant's not producing documents through discovery and a motion to compel." (ECF No. 17, at 5). He contends that he seeks to enforce SEC Rules 17a-3 and 17a-4,[8] which invokes federal jurisdiction under 15 U.S.C. § 78aa. (*Id.*, at 11-12).

---

[6] The first section of Mr. Howes' complaint is handwritten and the citation appears to be a "D," but there is no subparagraph D. In his typewritten attachment, at ¶ 16, he cites to 15 U.S.C. § 78o-3(i)(1)(A).

[7] Mr. Howes does not invoke diversity jurisdiction, nor does such jurisdiction appear to exist. He alleges that he is a citizen of Maryland and that FINRA is incorporated in Delaware and has its principal place of business in Maryland, which means there is no diversity, and he makes a claim for $2250 in damages, at most. (ECF No. 1, at 4-5).

[8] These rules relate to requirements for certain exchange members, brokers and dealers to make and preserve records.

FINRA contends that this court has jurisdiction because Mr. Howes is not challenging the merits of the customer disputes to be expunged but rather is challenging FINRA rules and federal statutes that govern document retention obligations, maintenance of registration information, and disciplinary proceedings.[9] (ECF No. 18, at 2).  Challenges to FINRA rules implicate federal law, and federal courts have jurisdiction over such challenges.  (*Id.*, at 3 (citing district court cases holding that challenges to FINRA's rules belong in federal court); *see also id.*, at 5 (citing *Matsushita Elec. Indus. Co. v. Epstein*, 516 U.S. 367, 370 (1996)).

The substance of Mr. Howes' claim, and not the labels, is determinative, and the court is mindful of its responsibility to recognize claims despite incorrect labels or captions.  *See Wall v. Rasnick*, 42 F.4th 214, 218 (4th Cir. 2022) ("[L]iberal construction allows courts to recognize claims despite various formal deficiencies, such as incorrect labels."); *see also, e.g.*, *Castro v. United Sta*tes, 540 U.S. 375, 381–82 (2003) (explaining that federal courts sometimes "ignore the legal label that a *pro se* litigant attaches to a motion"); *Martin v. Duffy*, 977 F.3d 294, 298 (4th Cir. 2020) ("We read the pleadings of a *pro se* plaintiff

---

[9] Although FINRA has not challenged this court's jurisdiction, subject matter jurisdiction "cannot be conceded by any party; nor can it be granted by this Court in its discretion." *McGahey v. Giant Food, Inc.*, 300 F.Supp.475, 477 (D.Md. 1969).

7

liberally and interpret them to raise the strongest arguments that they suggest." (citation omitted)); *Caldwell v. United States Dep't of Educ.*, 816 F.App'x 841, 842 (4th Cir. 2020) (per curiam) ("[I]t is the substance of [pro se] pleadings, rather than their labels, that is determinative.").

Mr. Howes makes multiple arguments in his complaint for why he deserves relief based on the unfairness of FINRA's rules and arbitration proceedings, including:

- "FINRA Federal procedures are flawed it [sic] that they only require member firms to retain documents and information for 6 years." (ECF No. 1, at 10 ¶ 6).

- Citations to the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78a, *et seq.*, and FINRA's obligation to comply with the Exchange Act and its own rules. (*Id.*, at 10-11 ¶¶ 9-16).

- Allegations related to FINRA's arbitration processes and rules not allowing for discovery because of flawed retention policies. (*Id.*, at 10 ¶¶ 17-19).

- "Plaintiff's Petition challenges both FINRA's statutory obligations under the Exchange Act to maintain customer dispute information and make that information publicly available, as well as FINRA's SEC-approved rules for expunging such customer dispute information." (*Id.*, at 12 ¶ 23).

- "Section 27 of the Exchange Act, 15 U.S.C. 78aa, vests federal courts with exclusive jurisdiction for violations of the Exchange Act or the rules and regulations created thereunder. As set forth above, all of Plaintiff's claims against FINRA and FINRA-DR are 'founded on {FINRA's or FINRA-DR's} conduct' in enforcing its regulatory responsibilities – specifically, FINRA's obligation under the Exchange Act to enforce its own rules –

- 'the propriety of whuch [sic] must be exclusively determined by federal law.'" (*Id.*, at 12-13 ¶ 25 (citation omitted)).

- "Plaintiff . . . alleges that FINRA violated [FINRA] rules by not allowing a fair arbitration which includes discovery." (*Id.*, at 13 ¶ 26).

- Conclusion statement that FINRA's arbitration process is unfair. (*Id.*, at 13).

Further, Mr. Howes argues in his brief that the heart of his complaint is the non-production of discovery, his right to discovery under federal law, and specific challenges to Exchange Act rules. (*Id.*, at 10, 17); *see Wall*, 42 F.4th at 219 (considering the substance of the *pro se* plaintiff's objections). Properly construed, Mr. Howes' complaint alleges that FINRA violated federal laws and rules and applied rules in conflict with federal law, and he seeks equitable relief. As such, this court finds it has jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 78aa.

FINRA states that if given the opportunity, it will refile its dismissal motion. (ECF No. 18, at 10). The court finds a formal refiling unnecessary. As FINRA argues persuasively in its dismissal motion (ECF No. 6-1, at 15-17), there is no express or implied private right of action against FINRA for violating its own rules or for actions taken to perform its self-regulatory duties under the Exchange Act. *See, e.g.*, *Smith v. INTL FCSTONE Fin., Inc.*, No. 19-cv-00235, 2020 WL 908437, at *4 (S.D.W.Va. Feb. 25, 2020) (citing cases holding that FINRA provides no private

9

right of action); *Meyers v. Nat'l Ass'n of Sec. Dealers, Inc.*, No. 95-CV-75077, 1996 WL 1742619, at *4 (E.D.Mich. Mar. 29, 1996) ("[A] majority of courts have held that there is no private cause of action against [FINRA][10] for a violation of its own rules."); *In re Olick*, No. 99-cv-5128, 2000 WL 354191, at *4 (E.D.Pa, Apr. 4, 2000) ("Courts in other circuits considering this issue have concluded that parties have no private right of action against [FINRA] for violations of its own rules, or for its actions taken in conjunction with its regulatory role.").

Additionally, FINRA is entitled to absolute immunity from suits in connection with the discharge of its regulatory responsibilities. *See Standard Inv. Chartered, Inc. v. NASD*, 637 F.3d 112, 115 (2d Cir. 2011); *see also Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998) (holding "that a self-regulatory organization [such as FINRA] is immune from liability based on the discharge of its duties under the Exchange Act"); 15 U.S.C. § 78o-3(i)(4) ("A registered securities association, or an exchange reporting information to such an association, shall not have any liability

---

[10] "FINRA is a self-regulatory organization and national securities association that is registered with the Securities and Exchange Commission . . . and is the successor entity to the National Association of Securities Dealers ('NASD')." *WC Capital Mgmt., LLC v. UBS Secs., LLC*, 711 F.3d 322, 326 n.2 (2d Cir. 2013).

to any person for any actions taken or omitted in good faith under this subsection.").

Therefore, Mr. Howes' complaint, construed to allege that FINRA violated federal laws and rules and applied rules in conflict with federal law, fails to state a viable claim.  Because amendment would be futile under the circumstances, dismissal of his complaint will be with prejudice.

## IV. Conclusion

For the foregoing reasons, the court finds that it has jurisdiction to rule in this case but also finds that there is no plausible cause of action.  The complaint will be dismissed with prejudice.

A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge
